UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:                                                          Chapter 13

James D. Eacobacci,                                             Case No: 23-12084
     Debtor.

## **OBJECTION TO PLAN**

     Gregory Funding LLC as servicer for U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2021-G, Mortgage-Backed Securities, Series 2021-G, the holder of the mortgage hereinafter described, (together with its predecessors, successors, affiliates, principals, and assigns, "hereinafter the Secured Creditor") a creditor and party in interest herein, and, by and through its undersigned counsel, hereby objects to Debtor's proposed Chapter 13 Plan. As grounds, Secured Creditor states as follows:

1.   Secured Creditor had an interest herein as the holder of a security interest that is secured by a mortgage on the Debtor's property located at 398 Main Street, Wareham, MA 02571 (the "Property").

2.   On or about January 24, 2024, the Debtor filed a proposed Chapter 13 Plan (the "Plan").

3.   Secured Creditor's loan on the Property matured on June 1, 2023.

4.   As of November 28, 2023, Secured Creditor was owed a total of $43,474.95 on its loan, accruing 5.25% interest.

5.   Prior to the filing of the instant bankruptcy case, Secured Creditor conducted a foreclosure sale of the Property, which went third party. Said foreclosure sale was held on November 29, 2023. The instant bankruptcy case was filed on December 12, 2023.

6.   Secured Creditor does not consent to the proposed Plan treatment, which proposes to cure and maintain its loan. As indicated, Secured Creditor's loan was the subject of a duly noticed foreclosure sale that occurred prior to the petition date. As such, the loan cannot be cured and maintained.

7.   Secured Creditor is willing to attempt to rescind its completed foreclosure sale, which is the relief sought by the Debtor-Plaintiff in the related adversary proceeding, Case No. 24-

01010. However, even if Secured Creditor is successful at said rescission, which is not guaranteed due to the Property having sold to a third party, the relevant loan matured prior to the foreclosure sale.

8.   As such, Secured Creditor does not and cannot consent to the proposed cure and maintain plan treatment, as it impermissibly modifies Secured Creditor's contractual rights in violation of 11 U.S.C. § 1322(b)(2).

9.   Secured Creditor does not consent to the proposed Plan treatment, which proposes to cure and maintain its loan. As indicated, Secured Creditor's loan was the subject of a duly noticed foreclosure sale that occurred prior to the petition date. As such, the loan cannot be cured and maintained pursuant to 11 U.S.C. § 1322(c)(1).

10. If Secured Creditor is unable to rescind the foreclosure, then it does not consent to having the foreclosed-out loan treated in the Plan.

11. If Secured Creditor is able to rescind the foreclosure, then the Debtor will need to amend the plan to repay the total debt of over $43,474.95 at 5.25% interest as a total debt claim. Furthermore, the Plan will need to be amended to have the Debtor directly pay the real estate taxes and insurance.

12. Secured Creditor notes that the Debtor's property insurance expires April 26, 2024. Secured Creditor must receive an updated policy with Gregory Funding LLC listed as a loss payee as part of any acceptable plan treatment.

13. The first quarter property taxes were due February 1, 2024 in the amount of $1,298.98. The second quarter property taxes were due May 1, 2024 in the amount of $1,298.98.

14. The proposed Plan misidentifies Secured Creditor as "U.S. Bank," an incomplete rendering of its name.

15. Secured Creditor does not consent to the non-standard provisions listed in the Plan, particularly the provision requiring it to send regular mortgage statements on its matured, foreclosed mortgage loan.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court deny

confirmation of the Debtor's proposed Chapter 13 Plan.

Gregory Funding LLC as servicer for U.S.
Bank National Association, as Indenture
Trustee on behalf of and with respect to
Ajax Mortgage Loan Trust 2021-G,
Mortgage-Backed Securities, Series 2021-
G
By its Attorneys,

/s/ Kate Heidbrink
Kate Heidbrink, Esq.
**FRIEDMAN VARTOLO LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150

Dated: March 18, 2024
Garden City, New York

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:                                                          Chapter 13

James D. Eacobacci,                                             Case No: 23-12084
    Debtor.

CERTIFICATE OF SERVICE

I, Kate Heidbrink, Esq., of Friedman Vartolo, LLP, do hereby certify that on March 19, 2024 I caused to be served a copy of the Objection to Confirmation on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on the service list.

Signed this 19th day of March, 2024

/s/ Kate Heidbrink
BBO No. 682759
**FRIEDMAN VARTOLO LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150

**_SERVICE LIST_**

VIA ECF

David G. Baker– Debtor's Attorney         david@bostonbankruptcy.org
Carolyn Bankowski-13-12                   13trustee@ch13boston.com
Richard King - Assistant U.S. Trustee     USTPRegion01.WO.ECF@USDOJ.GOV

VIA US MAIL

James David Eacobacci
398 Main Streeet
Wareham, MA 02571
*Debtor*